IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NELLCOR PURITAN BENNETT LLC,

      Plaintiff,

v

CAS MEDICAL SYSTEMS, INC.,

      Defendant.

Case No. 2:11-cv-15697
Honorable

## COMPLAINT

For its Complaint, Plaintiff Nellcor Puritan Bennett LLC, by and through its undersigned counsel, makes the following allegations:

## NATURE OF THE ACTION

1. This is an action for breach of contract, violations of the Lanham Act, unfair competition, and trade libel.

## PARTIES

2. Plaintiff Nellcor Puritan Bennett LLC ("Plaintiff" or "Nellcor") is a limited liability company organized and existing under the laws of Delaware with a business address of 6135 Gunbarrel Avenue, Boulder, Colorado 80301, and is the successor in interest to Somanetics Corporation ("Somanetics").

3. Upon information and belief, Defendant CAS Medical Systems, Inc. ("Defendant" or "CAS") is a corporation organized and existing under the laws of Delaware with its principal place of business at 44 East Industrial Road, Branford, Connecticut 06405. Defendant has appointed The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331. This Court has subject matter jurisdiction over Plaintiff's unfair competition, trade libel, and breach of contract claims pursuant to 28 U.S.C. § 1367, because Plaintiff's unfair competition, trade libel, and breach of contract claims are based on a common nucleus of operative facts with Plaintiff's Lanham Act claims. This Court also has subject matter jurisdiction over Plaintiff's breach of contract claim because, among other things, it arises from the breach of an October 27, 2010 settlement agreement that resulted in the dismissal of a previous litigation before this Court, namely *Somanetics Corporation v. CAS Medical Systems, Inc.*, Civ. Action No. 2:09-cv-13110 SPC ("Settlement Agreement").

5. This Court has personal jurisdiction over Defendant due at least to Defendant's substantial business in this judicial district, including: (i) committing acts of false advertising, as alleged herein, in this judicial district; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Michigan and in this judicial district. This Court also has personal jurisdiction over Defendant due to the October 27, 2010 Settlement Agreement.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## BACKGROUND

7. Somanetics was founded in 1982 in Troy, Michigan.

8. Somanetics designed, developed, and commercialized a revolutionary device, called the INVOS system, which launched in the United States in 1998.

9. Somanetics's INVOS system allows physicians and nurses to continuously monitor the blood oxygenation levels of tissue at specific, targeted locations in a patient's body, including in such regions as the brain, other organs, and muscle. This monitoring system is critical to patient care because oxygen deprivation can cause serious health complications that often have no visible symptoms.

10. Somanetics diligently sought and obtained patent protection for its innovative technology, including U.S. Patent No. 5,482,034 ("the '034 patent"), U.S. Patent No. 5,902,235 ("the '235 patent"), and U.S. Patent No. 6,615,065 ("the '065 patent").

11. Over ten years after Somanetics introduced its system in the United States, CAS launched a competing patient monitoring system, called the FORE-SIGHT system.

12. As a result of CAS's improper conduct in developing and marketing the FORE-SIGHT system, Somanetics filed a complaint against CAS on August 7, 2009 in this Court, for claims of patent infringement, false advertising, unfair competition, and trade libel. This lawsuit was styled *Somanetics Corporation v. CAS Medical Systems, Inc.*, Civil Action No. 2:09-cv-13110 SPC (the "Litigation").

13. Somanetics was acquired by Nellcor in July 2010, while the Litigation was pending.

14. Nellcor and CAS executed a Settlement Agreement on October 27, 2010 ("Settlement Agreement"), regarding, among other things, the claims asserted in the Litigation. In the Settlement Agreement, CAS agreed to certain confidential obligations in return for, among other things, dismissal of the claims asserted in the Litigation.

15. Upon information and belief, after executing the Settlement Agreement and obtaining dismissal of the Litigation, CAS instructed and/or assisted its attorney Richard Getz to

3

file a Protest in relation to an ongoing reexamination of the '065 patent that challenged the validity of the '065 patent.

16. CAS's actions after the conclusion of the Litigation constituted a material breach of its obligations under the Settlement Agreement.

17. After the execution of the Settlement Agreement and the dismissal of the Litigation, CAS also engaged in new acts of false advertising, unfair competition, and trade libel, examples of which are set forth below.

## COUNT I

## BREACH OF CONTRACT

18. Plaintiff incorporates paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. Upon information and belief, Richard Getz has represented Defendant before the United States Patent and Trademark Office ("USPTO") in connection with a number of patents and patent applications, including, for example, U.S. Patent Nos. 7,072,701; 7,313,427; and 6,456,862.

20. Upon information and belief, Richard Getz filed a Request for Reexamination of the '065 patent with the USPTO on March 25, 2008, on behalf of Defendant. Upon information and belief, Richard Getz filed a Protest in relation to the reexamination of the '065 patent on February 20, 2009, on behalf of Defendant and/or with Defendant's assistance.

21. Upon information and belief, after Defendant executed the Settlement Agreement and obtained dismissal of the Litigation, Richard Getz filed another Protest in relation to the reexamination of the '065 patent on June 27, 2011, on behalf of Defendant and/or with Defendant's assistance.

22. Accordingly, Defendant materially breached the terms of the Settlement Agreement.

23. As a result of Defendant's breach of the Settlement Agreement, Plaintiff has suffered and will continue to suffer substantial and irreparable losses.

24. Plaintiff is at least entitled to damages sufficient to compensate for its losses.

## COUNT II

## VIOLATION OF 15 U.S.C. §§ 1125(A)(1)(A), 1125(A)(1)(B)

25. Plaintiff incorporates paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Defendant has been making false and/or misleading statements regarding its own products and/or false and/or misleading statements regarding Plaintiff's products.

27. For example, Defendant's Spring 2011 and Fall 2011 Absolute News newsletters refer purchasers, potential purchasers and other customers and consumers to Defendant's website, www.casmed.com, and the FORE-SIGHT Clinical Corner in particular, which purports to list "[s]ummaries of recent studies involving FORE-SIGHT Absolute Tissue Oximetry." However, at least one of the summaries listed under that heading on Defendant's website is a summary of a study that involved the INVOS system, not Defendant's FORE-SIGHT product. Therefore, Defendant's statement characterizing the study as involving FORE-SIGHT is false and/or misleading.

28. Further, Defendant's summary of the study entitled "Preoperative Cerebral Oxygen Saturation and Clinical Outcomes in Cardiac Surgery," which is available on Defendant's website, contains a heading entitled "FORE-SIGHT." This heading is false and/or misleading to purchasers, potential purchasers and/or other customers and consumers because the study actually involved the INVOS system, not Defendant's FORE-SIGHT product.

5

29. Also, Defendant stated, in an October 27, 2011 press release, that a study conducted by Dr. Philip E. Bickler et al. entitled "Performance of 5 Cerebral Oximeters During Hypoxia in Healthy Volunteers" showed "the superior accuracy of its FORE-SIGHT® Absolute Tissue Oximeter against other available oximeters" and "showed that the FORE-SIGHT Absolute Oximeter from CASMED had the greatest precision and accuracy of all monitors tested."  Defendant's statements are false and/or misleading to purchasers, potential purchasers and/or other customers and consumers at least because the standard deviation values determined during the study are not indicative of accuracy.

30. Defendant has, on or in connection with its goods and/or services, used in interstate commerce a false or misleading description of fact and/or a false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive purchasers, potential purchasers and/or other customers and consumers as to the affiliation, connection, or association of Defendant with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

31. Defendant has, on or in connection with its goods and/or services, used in interstate commerce a false or misleading description of fact and/or a false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendant's goods or services and/or Plaintiff's goods or services. Further, Defendant's false or misleading descriptions of fact and/or false or misleading representations of fact are likely to be material to purchasers', potential purchasers' and/or other customers' and consumers' purchasing decisions.

32. Defendant's acts have been committed with bad faith and the intent to cause confusion, or to cause mistake, or to deceive purchasers, potential purchasers, and/or other

6

customers and consumers and Defendant's acts actually caused confusion, or caused mistake, or deceived, and/or had the capacity to cause confusion, or to cause mistake, or to deceive purchasers, potential purchasers, and/or other customers and consumers.

33. Plaintiff has suffered, and, if Defendant is not enjoined from its wrongful acts of making false or misleading descriptions of fact and/or false or misleading representations of fact as described herein, Plaintiff will continue to suffer, great and irreparable injury, loss, and damage to its rights for which it has no adequate remedy at law.

34. As a result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer substantial and irreparable losses, including loss of valuable business reputation, and, if not enjoined, Defendant will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of its wrongful acts.

35. In view of the foregoing, and as Plaintiff has no adequate remedy at law, under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff is entitled to injunctive relief, corrective advertising and other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118.

## COUNT III

## COMMON LAW UNFAIR COMPETITION

36. Plaintiff incorporates paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Defendant has, on or in connection with its goods and/or services, used in commerce a false or misleading description of fact and/or a false or misleading representation of fact, which, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendant's goods and/or services and the nature, characteristics, or qualities of Plaintiff's goods and/or services, and such false or misleading descriptions of fact, and/or false or misleading representations of fact are likely to be material to consumers' purchasing decisions.

38. Defendant's acts have been committed with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive purchasers and/or potential purchasers, and Defendant's acts actually caused confusion, or caused mistake and/or deceived, and/or had the capacity to cause confusion, or to cause mistake and/or to deceive purchasers and/or potential purchasers.

39. Plaintiff has suffered, and, if Defendant is not enjoined from its wrongful acts of making false or misleading descriptions of fact and/or false or misleading representations of fact as described herein, Plaintiff will continue to suffer, great and irreparable injury, loss, and damage to its rights for which it has no adequate remedy at law.

40. As a result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer substantial and irreparable losses, including loss of valuable business reputation, and, if not enjoined, Defendant will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of its act of false advertising.

41. In view of the foregoing, Plaintiff is entitled to injunctive relief, corrective advertising and damages under Michigan common law of unfair competition.

## COUNT IV

## TRADE LIBEL

42. Plaintiff incorporates paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. Defendant published false and/or defamatory statements in communications to third parties regarding Plaintiff that tend to prejudice Plaintiff in the conduct of its business or to deter others from dealing with it.

44. Defendant made these false and/or defamatory statements with a degree of fault amounting to at least negligence in that Defendant knew or should have known that the statements would cause economic and other damages to Plaintiff.

45. Defendant's false and/or defamatory statements affected Plaintiff's business reputation and/or its ability to do business. Plaintiff has been injured in its good name, credit and/or in its reputation and its business, and/or has been deprived of an unknown number of business opportunities which otherwise might and/or would have accrued to Plaintiff in its said business.

46. In view of the foregoing, Plaintiff is entitled to compensatory damages under Michigan law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Enter a judgment that Defendant is liable for breach of contract;

(b) Enter a judgment awarding Plaintiff any and all past, present and future actual, special and economic damages associated with Defendant's breach of contract;

(c) Enter a judgment awarding Plaintiff any and all past, present and future unjust enrichment associated with Defendant's breach of contract;

(d) Enter a judgment that Defendant is liable for violations of 15 U.S.C. § 1125(a);

(e) Enter a judgment that Defendant account for all damages on account of its violations of 15 U.S.C. § 1125(a);

(f) Enter a judgment awarding Plaintiff damages, treble damages and attorneys' fees pursuant to 15 U.S.C. §§ 1116, 1117 and 1118;

  (g)  Enter an injunction requiring Defendant to remove the false and misleading statements from its advertising and promotional materials and disseminate effective corrective advertising and promotional information;

  (h)  Enter a judgment awarding Plaintiff damages associated with Defendant's unfair competition under Michigan common law;

  (h)  Enter a judgment awarding Plaintiff compensatory damages associated with Defendant's libelous statements;

  (i)  Enter a judgment awarding Plaintiff its costs and expenses in this action, including attorneys' and experts' fees;

  (j)  Enter a judgment that Defendant perform an accounting for all damages;

  (k)  Enter a judgment awarding pre-judgment interest and post-judgment interest; and

  (l)  Enter any and all further damages, including punitive or exemplary damages associated with Defendant's wrongful conduct, and any and all other relief that the Court deems just and proper, in law or equity.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: December 29, 2011                    By:  /s/ Jeffrey A. Sadowski
    Jeffrey A. Sadowski (P28163)
    Dean W. Amburn (P46427)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483 / Fax: (248) 723-1568
Email: JSadowski@HowardandHoward.com
    DAmburn@HowardandHoward.com

*Of Counsel*:

HOGAN LOVELLS US LLP
    Raymond A. Kurz
    Celine J. Crowson
    Robert J. Weinschenk
555 Thirteenth Street, NW
Washington, DC 20004
Phone: (202) 637-5600 / Fax: (202) 637-5910
Email:  Raymond.Kurz@HoganLovells.com
    Celine.Crowson@HoganLovells.com
    Robert.Weinschenk@HoganLovells.com

Attorneys for Plaintiff Nellcor Puritan Bennett LLC