**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| NELLCOR PURITAN BENNETT LLC, | : | |
| | : | Case No.: 2:11-cv-15697 |
| Plaintiff, | : | |
| | : | Honorable Sean F. Cox |
| v. | : | Magistrate Judge Mona K. Mazjoub |
| | : | |
| CAS MEDICAL SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART**
**DEFENDANT'S MOTION TO STAY**

Before the Court is Defendant CAS Medical Systems, Inc.'s "Motion to Stay." (Dkt. No. 20.) The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2). The Court therefore Orders that the motion will be decided upon the briefs.

**I.     INTRODUCTION**

Defendant CAS Systems, Inc. ("CAS" or Defendant") has filed this motion requesting that this case be stayed pending the outcome of a pending merged "reexamination/reissue" proceeding in the U.S. Patent and Trademark Office ("USPTO"), which will determine the validity of pending claims for U.S. Patent No. 6,615,065. Plaintiff Nellcor Puritan Bennett LLC ("Nellcor" or Plaintiff) opposes a stay. The facts of the case and the issue before the court can be summarized as follows:

1

Nellcor and CAS settled a prior patent infringement lawsuit. The settlement agreement provided that CAS would not challenge the validity of the '065 patent. After entering into the settlement agreement, CAS filed a "Protest" in an on-going "reexamination/reissue" proceeding in the USPTO for the '065 patent, arguing that the pending claims in the reexamination/reissue proceeding are invalid. In response, Nellcor filed suit for breach of the settlement agreement. In this motion, CAS requests that this case should be stayed until the final results of the reexamination are known so that the full extent of any alleged damages can be determined.

For the reasons stated more below, the Court grants-in-part and denies-in-part Defendant's motion to stay. The Court hereby stays this case only as to the issue of damages for Nellcor's Breach of Contract count (Count I). The case shall otherwise proceed according to the Court's Scheduling Order as to all other issues for the breach of contract count and other counts (Counts II-IV).

## II. FACTS

On August 7, 2009 Somanetics Corporation, a predecessor to Plaintiff Nellcor Puritan Bennett LLC ("Nellcor"), filed a patent infringement lawsuit against Defendant CAS Systems, entitled *Somanetics Corporation v. CAS Medical Systems, Inc.*, Case No. 2:09-cv-13110-SFC (E.D. Mich.).[1] (Compl. ¶ 12.) In that lawsuit, Somanetics alleged that certain CAS products infringed upon the '065 Patent and other patents.

On October 27, 2010, Nellcor and CAS entered into a settlement agreement resolving the patent infringement case. One of the covenants in the settlement agreement was that CAS would not challenge or assist a third party in challenging the validity of the "litigated patents," which

---

[1] Nellcor acquired Somanetics in July 2010, while the litigation was pending.

2

included the '065 patent. However, the settlement agreement allowed CAS to defend itself by arguing that the '065 patent is invalid if it was sued again for infringing the '065 patent. (Settlement Agreement ¶ 3.1, Dkt. No. 26.)

On June 27, 2011, shortly after entering into the settlement agreement in which it promised not to challenge the validity of the '065 patent, CAS filed a "Protest" with the USPTO in a pending merged reexamination/reissue proceeding for the '065 patent (hereinafter "reexamination proceeding").[2] In the reexamination proceeding, Nellcor had filed an amendment to the pending claims for the '065 patent adding a "cross-talk" feature. In its remarks accompanying the amendment, Nellcor indicated that it had a meeting with the USPTO Examiner where the Examiner agreed that the amendments were sufficient to distinguish the amended claims of the patent over the prior art rejections. According to Nellcor, at this point, CAS realized that the USPTO was going to allow the amended claims to issue, and so it filed a second or supplemental "Protest" in the on-going reexamination proceeding to prevent the pending claims from issuing (CAS filed an initial protest in 2009). (Compl. ¶¶ 20-21.) In this Protest, CAS argued to the USPTO that the amended claims for the '065 were not patentable based on specific prior art, including a patent to "Liva." Specifically, CAS stated in the Protest that "claims 172-255 of the emerged Reexamination and Reissue for U.S. Patent No. 6,615,065 are unpatentable." (June 27, 2011 Protest at p. 12.)

After receiving Nellcor's Amendment and CAS's Protest, in October 2011, the USPTO Examiner issued a final rejection of the '065 patent, namely based on the Liva prior art

---

[2] A "Protest" is a mechanism by which a third-party may submit prior art and arguments to the USPTO explaining why claims in a pending patent application should not be allowed to issue in a patent. *See* 37 C.F.R. § 1.291; M.P.E.P. § 1901.

reference. Nellcor argues that this final rejection was a direct result of CAS filing the Protest with the USPTO.

In response to the final rejection issued by the USPTO, Nellcor appealed and also filed a motion for reconsideration. On May 18, 2012, the USPTO issued a response to Plaintiff's motion for reconsideration by way of "a non-final office action." In this most recent office action, the USPTO notified Nellcor that it was withdrawing its October 2011 rejection that Nellcor had appealed and was now basing its rejections on different prior art combinations. With the non-final office action, the USPTO terminated the appeal and Nellcor will now continue to make its arguments regarding patentability to the USPTO Examiner. Nellcor alleges that the USPTO Examiner based his new rejection on the arguments made by CAS in the Protest.

On December 29, 2011, Nellcor filed the present lawsuit, which contains four counts. Count I—Breach of Contract alleges that CAS breached the settlement agreement by filing the Protest in the pending reexamination proceeding. Count II—Violation of 15 U.S.C. § 1125(A)(1)(A) and (B), Count III—Common Law Unfair Competition, and Count IV—Trade Libel. Counts II-IV are not factually related to Count I.

Presently before the Court is CAS's Motion to Stay this lawsuit pending the outcome of the reexamination proceeding of the '065 patent. In this motion, CAS argues that the extent of any damages to Nellcor cannot be determined until the reexamination proceeding is finished. CAS points out that if the USPTO ultimately affirms the validity of the amended claims for the '065 patent, then Nellcor will suffer fewer damages than if the USPTO invalidates the pending claims or if Nellcor is forced to narrow its pending claims during the reexamination proceeding.

**III.   ANALYSIS**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *see also Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). The decision of whether or not to issue a stay until the conclusion of a reexamination proceeding is within the sound discretion of the district court. *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602-03 (Fed. Cir. 1985). The decision to stay a case is highly fact specific. A district court's decision on a motion to stay is normally not appealable because it is not a final judgment. *See, e.g., Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983) (holding that a district court's decision staying a lawsuit pending conclusion of a reexamination proceeding is not appealable).

In considering whether or not to grant a stay, courts routinely consider at least the following factors: (1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial date has been set. *Dura Global Techs., LLC v. Magna Int'l Inc.*, 2011 WL 5039883, *6 (E.D. Mich.) (Cox, J.); *Donnelly Corp. v. Guardian Indus. Corp.*, 2007 WL 3104794, *4 (E.D. Mich.).

After considering the above factors, the Court finds that it would be in the interest of justice to stay discovery and trial as to the issue of damages for Nellcor's breach of contract claim (Count I) until after resolution of the on-going reexamination proceeding. This case shall proceed with regard to all other issues surrounding Nellcor's breach of contract claim and as to Counts II-IV for violation of the Lanham Act, Common Law Unfair Competition, and Trade Libel, including discovery and dispositive motions. The Court will monitor the status of the

5

reexamination proceeding to determine when the stay should be lifted. The above factors are discussed more below and applied to the facts of this case.

### A. FIRST FACTOR: WHETHER A STAY WILL SIMPLY THE ISSUES OR CONSERVE JUDICIAL RESOURCES

The first factor that courts routinely consider in deciding whether or not to grant a stay is whether a stay will simplify the issues in the case or make the case more efficient for the court and the parties.

CAS argues that staying this case pending the outcome of the reexamination proceeding will simplify the issues because the full extent of any damages to Nellcor is unknown until the USPTO decides whether or not to allow the claims pending in the reexamination proceeding of the '065 patent. As CAS correctly points out, the final result of the reexamination proceeding is yet to be determined. The pending claims in the reexamination proceeding could be narrowed or entirely canceled as a result of the Protest, which would result in Nellcor seeking a larger amount of damages.

Nellcor argues that granting a stay will not simplify the issues. Nellcor argues that the outcome of the reexamination proceeding will have absolutely no impact on the issue of whether CAS breached the settlement agreement. Nellcor points out that the breach occurred the moment when CAS filed the Protest. As to the issue of damages, Nellcor argues that it has suffered damages already as result of the Protest being filed.

After considering the parties' arguments and the facts of this case, the Court finds that staying this case will simplify the issue of damages in Nellcor's breach of contract claim. By letting the reexamination conclude, the Court will better be able to determine the full scope of the damages that will be suffered by Nellcor related to the breach, assuming liability is

established. A stay will not simplify the issue of whether CAS breached the settlement agreement, nor will a stay simplify the issues in the false advertising counts (Counts II-IV). Accordingly, the Court finds that this factor weighs in favor of staying only the issue of damages in Nellcor's breach of contract count.

### B. SECOND FACTOR: WHETHER A STAY WILL UNDULY PREJUDICE OR PRESENT A CLEAR TACTICAL DISADVANTAGE TO THE NON-MOVING PARTY

The second factor that courts routinely consider in deciding whether or not to grant a stay is whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party.

Nellcor argues that it will be prejudiced if the Court grants a stay because delaying this case would only reward CAS for breaching the settlement agreement. Nellcor argues that public policy strongly weighs against staying this case because CAS boldly and willfully reneged on its promise to not challenge or assist anyone in challenging the validity of the '065 patent. Nellcor argues that "if settlements are to be a meaningful way to resolve disputes, then parties such as Nellcor must be able to <u>timely</u> enforce the provisions of their settlement agreements." (CAS resp. br. at 5 (citing *Aro Corp. v. Allied Witan Co*., 531 F.2d 1368, 1372 (6th Cir. 1976.)) Nellcor cites to statistics showing that a reexamination proceeding and appeal to the Board of Patent Appeals and Interferences could result in this case being stayed for two years. (Resp. br. at p. 7.) Nellcor also argues that "[b]ecause witnesses may become unavailable or memories fade, Nellcor would be at a significant disadvantage if this case is stayed." (*Id*. at p. 8.) Nellcor also argues that a stay will harm it by allowing Defendant to erode Nellcor's market share through

the continued sale of "new products that are not licensed or authorized by Defendant under the Settlement Agreement." (*Id.*)

CAS argues that Nellcor will not be prejudiced if this case is stayed pending the outcome of the reexamination proceeding. CAS argues that Nellcor will be made whole by an award of damages and prejudgment interest if it is found to have breached the settlement agreement. CAS argues that Nellcor has not shown any evidence that it has lost market share as a result of the Protest, especially since according to the terms of the settlement agreement CAS can defend itself by arguing that the '065 patent is invalid if it is sued for patent infringement related to new products.

After considering the parties' arguments, the Court finds that Nellcor would not be unduly prejudiced if the Court only stays the issue of damages for the breach of contract count. After the conclusion of the reexamination proceeding, the Court can order expedited discovery and trial as to damages alleged in Nellcor's breach of contract claim if a breach of contract is established. It is also important to note that the USPTO is required to handle reexamination proceedings with "special dispatch." 35 U.S.C. § 305. Moreover, the reexamination proceeding in this case should be handled even more expeditiously by the USPTO because the USPTO expedites reexaminations where the district court has entered a stay pending the results of a reexamination proceeding. On this point, the USPTO's Manual of Patent Examining Procedure states:

> Where a request for ex parte reexamination indicates . . . that litigation is stayed for the filing of a reexamination request, the request will be taken up by the examiner for decision 6 weeks after the request was filed, and all aspects of the proceeding will be expedited to the extent possible . . . . Office actions in these reexamination proceedings will normally set a 1-month shortened

>statutory period for response rather than the 2 months usually set in the reexamination proceeding. Response periods may be extended only upon a showing of sufficient cause. Action on such a proceeding will generally take precedence to any other action taken by the examiner.

M.P.E.P. § 2286. In the reexamination proceeding, Nellcor should inform the USPTO that this action has been stayed-in-part pending the results of the reexamination proceeding making any delay in this case minimal.

### C. THIRD FACTOR: WHETHER DISCOVERY IS COMPLETE AND WHEN A TRIAL DATE HAS BEEN SET

The third factor that courts routinely consider in deciding whether or not to grant a stay is whether discovery is complete and when (or whether) a trial date has been set. This factor recognizes that granting a stay early in the case preserves judicial resources and saves the parties money. Once the case has progressed far along, a stay will not preserve judicial resources or save the parties significant money.

The Court finds that this factor generally weighs in favor of granting a stay. CAS filed its motion to stay relatively early in this case.

### D. WEIGHING OF THE FACTORS

After considering the parties' respective arguments in light of the above factors, the Court finds that the above factors weigh in favor of staying discovery and trial on the issue of damages for Nellcor's breach of contract count. By letting the reexamination conclude, the Court will better be able to determine the full scope of the damages, if any, that will be suffered by Nellcor related to the alleged breach of the settlement agreement. The Court finds that this case should proceed on discovery and trial on all other issues in the case, including the issue of whether CAS breached the settlement agreement and all issues surrounding Nellcor's false

advertising counts (Counts II-IV). By the allowing the case to proceed on the other issues, the Court will prevent any prejudice to Nellcor and move the case along to a resolution.

## V. CONCLUSION

For the reasons stated above, the Court Orders that discovery and trial as to the issue of damages for Nellcor's breach of contract count be stayed. This case shall proceed as to all other issues according to the Court's Scheduling Order.

SO ORDERED

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 14, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record onAugust 14, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager