UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Nellcor Puritan Bennett LLC,**

    **Plaintiff,**     Civil Action No.: 11-CV-15697

    vs.     District Judge Sean F. Cox

     **Magistrate Judge Mona K. Majzoub**

**CAS Medical Systems, Inc.**

    **Defendant.**

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL [56]**

This matter comes before the Court on Plaintiff's Motion to Compel. (Docket no. 56.) Defendant filed a Response (docket no. 80), Plaintiff filed a Reply (docket no. 83), and the Parties filed a Joint Statement of Resolved and Unresolved Issues (docket no. 85). The motion has been referred to the undersigned for consideration. (Docket no. 58.) The parties have fully briefed the motion; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

1

evidence." Fed.R.Evid. 401. Rules 34 allows a party to serve requests for production of documents on an opposing party. Fed.R.Civ.P. 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 34(b)(2)(A). If the receiving party fails to respond to RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

Plaintiff filed this action for violations of the Lanham Act, unfair competition, and trade libel based on alleged false advertising by CAS. (*See* docket no. 1). Under Rule 34, Plaintiff requested documents "relating to statements that CAS has made about the accuracy of Nellcor's INVOS product, CAS's involvement in a particular clinical study . . . , and CAS's communications with consumers that Nellcor has lost to CAS." (Docket no. 56 at 6.) Plaintiff then filed the instant Motion seeking responses to Request for Production Nos. 50, 51, 52, 57, and 58. (*Id.* at 7.)

In its Response, Defendant asks that the Court find Plaintiff's Motion moot because "[t]he parties have come to an agreement about what documents CAS will produce and the scope of the search that CAS must undertake for such documents." (Docket no. 80 at 1.) Specifically, Defendant asserts that the parties have agreed as follows:

- For Request No. 50, CAS will search for any ads, handouts, or other materials provided to consumers or potentials consumers that refer to INVOS and accuracy. For that request, CAS will also search the e-mails of Tom Patton, Matt Herwig, John Gamelin, and George Galbraith for responsive documents. To prevent a burdensome search and review process, the parties agreed that CAS will search the e-mails of the four individuals listed above

2

>    for documents where the term "INVOS" appears within 25 words of the term "accuracy" (the search will also include common variations of accuracy, like "accurate" and "accurately").

- CAS will produce documents responsive to Request Nos. 51 and 52.

- CAS will be produce documents responsive to Request Nos. 57 and 58, to the extent that they relate to the accounts that Nellcor has identified as being lost to CAS.

- CAS will not produce documents relating to the next generation FORE-SIGHT product, the raw data from the Bickler study, and will not produce communications with investors where the terms INVOS and accuracy may appear.

(*Id.* at 1-2.) In its Reply, Plaintiff states that such production would be sufficient and requests that the Court order Defendant to comply with the agreed-upon terms. (Docket no. 83 at 1.)

In the Parties Joint Statement, Plaintiff takes the same position; that is, Plaintiff requests that the Court "issue an order requiring CAS to comply with the representations in its Response." (Docket no. 85 at 1.) In the alternative, Plaintiff asks that the Court grant it leave to renew its Motion to Compel should Defendant fail to comply. (*Id.*) Defendant, however, suggests that no such order is warranted or necessary. (*Id.*) It appears that the parties have resolved this dispute without Court intervention, and therefore, the Court is hesitant to issue any such order. Nevertheless, because Plaintiff has not withdrawn its motion, and in the interest of judicial economy, the Court will grant Plaintiff's Motion.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [56] is **GRANTED**. Defendant is Ordered to produce the requested materials according to the Parties agreed-upon terms

---

[1] Because the parties quickly reached a resolution in this matter, the Court finds that an award of costs and fees under Rule 37 is unwarranted. Defendant's initial response was acceptable to Plaintiff, so it appears that the parties should have been able to reach the same resolution without the need for Plaintiff to file its Motion.

as set forth in Defendant's Response (docket no. 80) within 28 days.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  April 10, 2013            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 10, 2013             s/ Lisa C. Bartlett
                                  Case Manager