**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**NELLCOR PURITAN BENNETT LLC**

       **Plaintiff,**                  Civil Action No.: 2:11-cv-15697

vs.                                   District Judge Sean F. Cox

                                     Magistrate Judge Mona K. Majzoub

**CAS MEDICAL SYSTEMS, INC.,**

       **Defendant.**

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR PROTECTIVE ORDER [88]**

This matter comes before the Court on Defendant CAS Medical Systems, Inc.'s Motion for Protective Order. (Docket no. 88.) Plaintiff filed its response. (Docket no. 92.) Defendant filed a reply. (Docket no. 94.) The motion was referred to the undersigned for decision. (Docket no. 58.) The parties have fully briefed the motion; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.   Background**

In 1998, Somanetics (Nellcor's predecessor), designed a revolutionary device called the INVOS system. (Docket no. 1 at 2.) The INVOS system allows medical personnel to continuously monitor blood oxygenation levels of tissue in specific organs and muscles of the human body. (*Id.* at 3.) Somanetics obtained a patent for the INVOS system, and ten years later, CAS launched a similar device called the FORE-SIGHT system. (*Id.*) On August 7, 2009, Somanetics filed a Complaint against CAS alleging patent infringement, false advertising, unfair competition, and trade

libel. (*Id.*) While litigation was pending, Somanetics was acquired by Nellcor. (*Id.*) After the parties reached a settlement agreement, CAS allegedly engaged in new acts of false advertising. (*Id.* at 4.) On December 29, 2011, Nellcor filed this lawsuit asserting a violation of the Lanham Act and related state-law claims. (Docket no. 1 Counts II-IV.) In its Amended Complaint, Nellcor alleges that CAS made false and misleading statements about its own products and about Plaintiff's products. (Docket no. 38 at 5.)

Nellcor sought discovery based on certain allegations. (*Id.*) For example, CAS's newsletters referred purchasers, potential purchasers, and other customers to CAS's website, which listed summaries of recent studies involving the FORE-SIGHT system. (*Id.*) But at least one of the summaries listed on CAS's website was actually a summary of Nellcor's INVOS system. (*Id.*) In an October 2011 press release, CAS presented a study that showed that the FORE-SIGHT system had the greatest precision and accuracy of all monitors tested. (*Id.* at 6.) But Nellcor alleges that the deviation values determined during that study are not indicative of accuracy. (*Id.*) Thus, Nellcor alleges that CAS has been making false or misleading statements.

After a disagreement pertaining to a discovery request made by Nellcor, Plaintiff filed a motion to compel on December 21, 2012. (Docket no. 56.) To resolve that motion, the parties agreed that CAS would produce certain documents, and Nellcor agreed to limit its discovery requests by only requiring CAS to produce (1) statements by four CAS employees about the accuracy of INVOS, and (2) communications between CAS and 31 customers whom Nellcor alleges it lost due to CAS's misrepresentations. (Docket no. 88 at 9.)

Discovery was scheduled to close on February 14, 2013, but due to the number of discovery requests, the parties agreed to a limited discovery extension through March 14, 2013; their stipulated request was granted by the Court on February 22, 2013. (Docket no. 86.) In the stipulation, the

parties also agreed that no new discovery would be served and that the purpose of the extension was to complete pending discovery. (*Id.* at 2.) The parties also noted as follows:

> In addition, to avoid a potential dispute over whether Plaintiff may take the second deposition of certain witnesses about the additional documents that will be produced shortly, the parties agreed that *Plaintiff should not conduct the deposition* (sic) *of certain key witnesses without first seeing these documents*.

(*Id.* (emphasis added).) Through March 12, 2013 (two days before the end of discovery), CAS produced almost 21,000 pages of documents. (Docket no. 92 at 6.) Nellcor alleges that CAS produced only about 3,000 pages of documents in the prior year.[1] (*Id.*) Due to the large number of documents produced just days before discovery closed, Nellcor argues that certain issues could not have been anticipated or expected before the March 14, 2013 deadline. (*Id.* at 7.) Consequently, Nellcor served CAS with the notices of deposition for Matthew Herwig, Paul Benni, and Jennifer Landry. (Docket no. 88 at 11.) Mr. Herwig is the Vice President and Chief Marketing Officer of CAS.[2] (Docket no. 53 at 2.) Mr. Benni is an employee of CAS. (Docket no. 54 at 2.) And Ms. Landry is an independent sales representative who contracts with CAS to help sell the FORE-SIGHT device. (Docket no. 88 at 10-11.) CAS now asks for a protective order prohibiting these depositions. (*Id.*)

## II.    Discovery Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably

---

[1] CAS contends in its Reply that 14,200 of the 21,000 were blank sheets inadvertently included with two 27-page Excel spreadsheets due to a file processing error. (Docket no. 94 at 5.) Further, CAS alleges that 2,000 of the pages were documents from Nellcor's own filings and another 2,500 pages were spreadsheets detailing CAS's business opportunities. (*Id.*)

[2] Matthew Herwig was previously deposed on December 6, 2012. (Docket no. 88 at 12.)

calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters. Fed.R.Civ.P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir.2001). To show good cause, the movant must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements. *Id.*

**III.    Analysis**

In general, CAS objects to the deposition notices by arguing "that the deposition notices are entirely improper, do not comport with the Federal Rules of Civil Procedure, and appear to be meant to harass CAS by unnecessarily increasing the expense of litigation." (Docket no. 88 at 11.)

    **A.    The Timeliness of Plaintiff's Deposition Notices**

CAS argues that a protective order should be granted because the parties agreed that no new discovery would be allowed after February 14, 2013, and that Nellcor is unable to provide an adequate reason for the deposition notices. (Docket no. 88 at 11.) CAS claims that this, without more, is a sufficient basis for the Court to grant a protective order. (*Id.* at 11-12 (citing *Kasperski*

*v. Vill. of New Haven*, CIV.A.07-CV-15501-DT, 2009 WL 1010916, at *1 (E.D. Mich.2009)).) In *Kasperski*, the Court granted the protective order because the deposition notice was untimely, irrelevant, and the Plaintiff was unable to show that the requested discovery would lead to the discovery of admissible evidence. *Kasperski*, 2009 WL 1010916, at *1. The plaintiff in *Kasperski* also failed to provide an adequate reason for the untimely deposition notices. (*Id.*)

The present case differs from *Kasperski* because Nellcor is able to establish an adequate reason for filing the deposition notices. Although the parties agreed that no new discovery would be permitted, Nellcor was presented with almost 21,000 pages of documents over the course of two weeks before the new close of discovery. (Docket no. 92 at 7.) Further, when the parties agreed to the stipulation preventing new discovery, CAS had only provided Nellcor with 3,000 documents. (*Id.*) Discovery imposes a burden on both parties to act in good faith and common sense, and the parties should strive to be cooperative, practical, and sensible. *See Convergent Technologies*, 108 F.R.D. at 331. Given that CAS provided Nellcor with almost 21,000 pages of documents just before the close of discovery, it is not unreasonable for Nellcor to request further depositions based upon the information provided in the documents.[3] Further, unlike the plaintiff in *Kasperski*, Nellcor served the deposition notices in a timely manner before the close of discovery. (Docket no. 92 at 7.) Therefore, Nellcor provides an adequate reason for submitting the deposition notices on March 14,

---

[3]CAS argues that Nellcor was not burdened by the 21,000 page document production because over half of the documents were blanks sheets or Nellcor's own documents. (Docket no. 94 at 5.) The Court finds this argument unavailing. Even assuming the documents were blank, Nellcor would have had to at least look through the pages to determine if they contained any information. Moreover, CAS does not allege that the remaining documents did not contain the information on which Nellcor relies in support of its deposition notices.

2013. Moreover, CAS has failed to allege any prejudice based merely on timeliness of Nellcor's deposition notices. Nevertheless, this does not end the Court's inquiry.

### B. Matthew Herwig Deposition Notice

CAS argues that a protective order preventing a second deposition of Mr. Herwig is warranted. (Docket no. 88 at 13.) First, CAS alleges that Nellcor has failed to obtain permission from the Court to take a second deposition of Mr. Herwig as required by Fed. R. Civ. P. 30(a)(2)(A)(ii). (*Id.* at 12.) Further, CAS notes that the parties have not stipulated to an additional deposition. (*Id.*) Finally, CAS argues that the second deposition of Mr. Herwig would not yield any additional information that could not have been discovered in the initial deposition. (*Id.*)

"Like most discovery disputes, the availability of a second deposition is left to the discretion of the trial court." *Perry v. Kelly-Springfield Tire Co., Inc.*, 117 F.R.D. 425, 426 (N.D. Ind. L.R. 1987.) Here, Nellcor received a large number of documents related to communications with consumers or potential consumers that Mr. Herwig either authored or received. (Docket no. 92 at 11.) Nellcor urges that Mr. Herwig should be deposed for a second time given the newly discovered information contained in the documents. (*Id.* at 12.) Nellcor's argument is compelling, but as CAS asserts, Nellcor decided to depose Mr. Herwig in the midst of a discovery dispute concerning consumer records and accuracy. (Docket no. 94 at 6.) Instead of delaying the deposition, Nellcor took a risk by deposing Mr. Herwig before all the necessary information was available. (*Id.* at 7.) And at the conclusion of the deposition, Nellcor was aware of the possibility that more information could be discovered regarding Mr. Herwig and elected not to leave the deposition open pending resolution of the discovery dispute. (*Id.*) Further, while taking care to note that their stipulated extension regarding pending discovery would help avoid multiple depositions, Nellcor failed to assert that it may want to depose Mr. Herwig for a second time. (*See* docket no. 86.) Finally,

Nellcor failed to seek leave of the Court to depose Mr. Herwig a second time. Therefore, the Court will grant CAS's protective order relating to Mr. Herwig.

### C. Paul Benni Deposition Notice

CAS argues that a protective order preventing the deposition of Paul Benni is warranted. (Docket No. 88 at 14.) Specifically, CAS alleges that Nellcor had notice as early as September 2012 that Mr. Benni may have knowledge related to the claims and, therefore, should be precluded from deposing him at this later date. (*Id.* at 13.) But before a protective order is granted, a party must show that good cause exists for the order. *Nix*, 11 Fed. App'x at 500. To show good cause, the moving party must demonstrate a clearly defined and serious injury resulting from the discovery sought. (*Id.*) In this case, CAS has not alleged any specific harm that would result from Mr. Benni's deposition. Instead, CAS broadly claims that it should not be forced to incur the expense and inconvenience of further depositions. (Docket no. 94 at 6.) This broad assertion is insufficient to show a clearly defined and serious injury, and therefore, good cause does not exist for the order.

Further, Nellcor insists that Mr. Benni has relevant information regarding the falsity of CAS's statements pertaining to its products and the products of Nellcor. (Docket no. 92 at 10.) Nellcor also maintains that CAS produced relevant emails with regard to Mr. Benni on February 28, 2013, just two weeks before the extended close of discovery. Because Nellcor was unable to determine the potential significance of Mr. Benni's testimony until the emails were produced, the Court will allow Nellcor to depose Mr. Benni. Therefore, CAS's protective order will be denied with regard to Paul Benni.

### D. Jennifer Landry Deposition Notice

CAS argues that a protective order preventing the deposition of Jennifer Landry is warranted. (Docket No. 88 at 15). First, CAS argues that the deposition of Ms. Landry would be beyond the

scope of discovery pursuant to Rule 26.  (*Id.* at 14.)  CAS insists that a deposition of Ms. Landry is unrelated to the allegations stemming from Nellcor's complaint.  (*Id.*)  CAS further contends that the deposition notice served on Ms. Landry under Rule 30 is improper because she is an independent contractor, not an employee.  (*Id.*)  Finally, CAS argues that the statements made by Ms. Landry are irrelevant because CAS specifically instructed her not to make the false statements again.  (*Id.*)

Nellcor has demonstrated that Ms. Landry's alleged false statements about the INVOS product are related to Nellcor's claims.  Nellcor's claim is that CAS made false and misleading statements about its own products and about Plaintiff's products, specifically the INVOS device. (Docket no. 38 at 5.)  Ms. Landry allegedly told a potential customer that Covidien, a global healthcare products company, publicly announced that they have no intention of investing additional money in the INVOS product. (Docket no. 92 at 13.)  Given that Ms. Landry's statements involved potentially false statements regarding the INVOS system, an inquiry related to these statements would be reasonably calculated to lead to the discovery of admissible evidence.

The Court also agrees with Nellcor that CAS's attempt to make a non-issue out of the misrepresentations of Ms. Landry simply by instructing her not to make those particular statements in the future does not bar her deposition.  CAS provides no law that would support such a contention. Moreover, Nellcor's deposition notice to Ms. Landry is timely because Nellcor discovered the false statements on March 13, 2013, and immediately served the notice on March 14, 2013. (Docket no. 92 at 13.)  And finally, CAS alleges no specific harm that would result from the deposition of Ms. Landry aside from the broad assertion that the deposition would be unduly

burdensome and oppressive. (Docket no. 88 at 14.) Therefore, CAS's motion for a protective order regarding Ms. Landry is denied.[4]

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order [88] is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff is permitted to proceed with the depositions of Mr. Benni and Ms. Landry. Plaintiff is not permitted to proceed with the second deposition of Mr. Herwig.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 26, 2013            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

---

[4]As noted, in addition to its other arguments, CAS asserts that Ms. Landry is an independent contractor and that she was, therefore, not properly subpoenaed for a deposition under Fed. R. Civ. P. 45. Under Rule 30(b)(1), Fed. R. Civ. P., a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition. *Schindler Elevator Corp. v. Otis Elevator Co.,* No. 06-5377, 2007 WL 1771509, at *2 (S.D.N.Y. 2007.) And an independent contract can be a managing agent. *See id.* Nevertheless, CAS has failed to provide sufficient evidence to support its contention that Ms. Landry is, in fact, an independent contractor. (Docket no. 94 at 8.) To the contrary, Nellcor has provided evidence to suggest that Ms. Landry holds herself out as an employee of CAS. (Docket no. 92-7 (expressly providing that Ms. Landry is a Sales Manager of CAS). Therefore, for purposes of this Opinion and Order, the Court will assume that Ms. Landry was properly served under Rule 30 and will allow her deposition to proceed. Moreover, the Court has broad discretion in discovery matters. *Lewis,* 135 F.3d at 402. And for the reasons stated herein, even if CAS had properly supported its assertion that Ms. Landry was an independent contractor who should have been subpoenaed under Rule 45, the Court would allow Nellcor sufficient time to serve Ms. Landry with such subpoena.

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 26, 2013         s/ Lisa C. Bartlett
                             Case Manager